**State of Vermont**
**Superior Court—Environmental Division**

======================================================================
**E N T R Y   R E G A R D I N G   M O T I O N**
======================================================================

**In re Smith Building Permit**                          **Docket No. 208-12-10 Vtec**
**(Planning Commission Zoning/Subdivision)**

Title: Motion for Reconsideration of 1/9/12 Decision (Filing No. 11)

Filed: February 2, 2012

Filed By: Applicant/Appellant William Smith

Title: Town of Concord's Mem. to the Court Regarding Interpretation of FEMA Material (Filing Nos. 6 and 7)

Filed: February 3, 2012

Filed by: Appellee Town of Concord

___ Granted                 _X_ Denied (Filing No. 11)          _X_ Other (Filing Nos. 6 and 7)

William and Rosemary Smith have appealed a decision by the Town of Concord Zoning Board of Adjustment ("the ZBA") denying them a second permit to build a 30-foot by 50-foot garage on property they own in the Town of Concord, Vermont after their original building permit expired. On January 9, 2012, we issued a Decision on Multiple Motions addressing, among other requests, cross-motions for summary judgment filed by the Smiths and the Town of Concord ("the Town"). In response to our January 9, 2012 Decision, William Smith filed a motion seeking reconsideration of the Decision. Additionally, the Town filed a memorandum responding to the Decision's grant of time to the Town to provide information contradicting our conclusion that the lowest floor of the Smiths' garage is at or above the base flood elevation.

Before addressing the particular filings of the parties, we note that there is no mandate in our procedural rules that we address motions to reconsider, or alter, our decisions on pretrial motions that do not conclude a case. However, we have historically treated such motions as similar to motions to alter or amend a final judgment filed in accordance with V.R.C.P. 59(e). See, e.g., In re Lathrop Ltd. P'ship I, Nos. 122-7-04 Vtec, 210-9-08 Vtec, and 136-8-10 Vtec, slip op. at 10 (Vt. Super. Ct. Envtl. Div. Apr. 12, 2011) (Durkin, J); V.R.E.C.P. 5(a)(2). We need not discuss the legal standard we undertake when ruling on a motion to alter or amend a decision, however, because none of Mr. Smith's three main arguments address the limited determinations we reached in our January 9, 2012 Decision. In other words, his motion does not ask us to alter or amend any determination we previously reached.

First, Mr. Smith expresses concern that we have concluded that the ZBA's decision denying his recent permit application is final and cannot be appealed. We did not reach such a conclusion, and no party is arguing that the doctrine of finality prevents Mr. Smith from bringing the current appeal.

Second, Mr. Smith argues that the Federal Emergency Management Agency ("FEMA") documentation that he provided to the Court indicates that his garage is not within a federally-designated special food hazard area, and that, therefore, he does not have to comply with the Town's municipal ordinances addressing development in such areas.  While we do not interpret the FEMA report in the same way as Mr. Smith, our January 9, 2012 Decision does not preclude Mr. Smith from providing evidence, during an upcoming merits hearing, that he believes demonstrates that his property is not within a special flood hazard area.

Third, Mr. Smith argues that his garage was substantially completed at the time his original permit to construct his garage expired and that he only needs to obtain a building permit for "uncompleted activities."  (Mot. for Reconsideration 2, filed Feb. 2, 2012.)  As we recognized in our January 9, 2012 Decision, the Town of Concord Zoning Bylaws ("the Bylaws") require a landowner to reapply for a zoning permit to complete "all uncompleted activities" once a zoning permit expires.  Art. VII, § 2.  Our decision does not preclude Mr. Smith from providing evidence, during an upcoming merits hearing, demonstrating what activities were complete at the time that his original building permit expired.

Because the arguments Mr. Smith puts forward in his motion for reconsideration do not challenge the limited determinations we reached in our January 9, 2012 Decision, we **DENY** his motion and clarify that the Court will welcome all admissible, relevant evidence at an upcoming merits hearing.

We turn now to the Town's memorandum responding to our January 9, 2012 Decision. The Bylaws require that development in federally-designated special flood hazard areas meet the following requirement, among others: "[t]he lowest floor, including basement, of all new buildings shall be at or above the base flood elevation." Art. III, §§ 11.1.a, 11.5.g.  In our January 9, 2012 Decision, we concluded that the FEMA documentation provided by William and Rosemary Smith appears to show that the lowest floor of their garage is at or above the base flood elevation.  Because the Smiths' filings did not convince us that they were entitled to a summary judgment determination that their application complies with Bylaws Art. III, § 11.5.g, and because no party offered their input on how to interpret the FEMA documentation, we gave the Town additional time to show that there is a disputed material fact that would prevent us from making this summary judgment ruling.

The information that the Town has now provided in its memorandum and its attachments demonstrates that there is a dispute as to the base flood elevation and the height of the lowest floor of the Smiths' garage.  Consequently, we determine that we cannot reach summary judgment on the issue of whether the Smiths' garage complies with Bylaws Art. III, § 11.5.g.  We must hold a merits hearing on this issue and the other issues that remain unresolved by our previous Decision.

The Court previously directed the parties, in our February 21, 2012 Scheduling Order, to advise the Court of any remaining discovery needing to be completed prior to trial.  Neither party chose to make a filing in response to the Court's directive.  We therefore conclude that formal discovery has been completed and this matter is ripe for a merits hearing.  We therefore direct that, by no later than **Monday, August 20, 2012**, each party file a written list of the business days during the month of **October, 2012**, when they or their witnesses will not be available for trial.  The Court will thereafter coordinate with the host court in Guildhall, Vermont to schedule this matter for a one-day trial.

_____              _____August 8, 2012_____
          Thomas S. Durkin, Judge                                          Date
===========================================================================
Date copies sent: _____                                    Clerk's Initials: _____
Copies sent to:
  William and Rosemary Smith, Applicants/Appellants, pro se
  Thomas R. Paul, Attorney for Appellee Town of Concord